Bhupeschandra N. PATEL, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. A14–93–00319–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1993.

---

**710**

Ronald H. Tonkin, Houston, for appellant.

Michael T. Sprague, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant, Bhupeschandra Patel, was the passenger in an automobile driven by his daughter, Hiteshree. They collided with an uninsured motorist, Andris Tholl, and sued appellee to recover under their automobile policy's uninsured motorist coverage. A jury found appellant's daughter to be ninety percent at fault and Tholl to be ten percent at fault. The jury also determined appellant suffered seven thousand five hundred dollars in damages. The trial court entered a judgment awarding seven hundred and fifty dollars, or ten percent of the damages, to the appellant.

Appellant raises three points of error arguing the trial court erred: first, by entering a judgment for ten percent of the damages; second, by applying section 33.013 of the Texas Civil Practices and Remedies Code to the facts in this case; and third, by imputing the contributory negligence of the driver to appellant. Appellee raises one cross point of error, requesting us to award damages under Rule 84 of the Texas Rules of Appellate Procedure asserting this appeal was taken for delay and without sufficient cause.

We will address appellant's points of error together. The appellant contends he should recover the entire amount of his damages because he was not assigned a percentage of fault for the accident. The issue of his negligence was not even submitted to the jury. Without a negligence finding against him, appellant contends the trial court improperly imputed the negligence of his daughter to him by reducing his damages by her percentage of responsibility for the accident. Appellant also argues the trial court incorrectly applied section 33.013 of the Texas Civil Practice and Remedies Code to reduce his recovery because this section was meant to be used only for determining the liability among joint tortfeasors. We disagree.

The trial court apportioned the damages in accordance with the Texas Insurance Code and the Civil Practice and Remedies Code. The Insurance Code provides that uninsured motorist coverage is to be provided for "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured ... motor vehicles because of bodily injury ... or property damage resulting therefrom." TEX.INS.CODE ANN. art. 5.06–1(1) (Vernon 1981). Because appellant's insurance policy was not part of the record, we will presume it comported with the statutorily provided coverage. Therefore, appellee is required to pay appellant only what he would be "legally entitled" to recover from Tholl, the uninsured motorist.

We believe appellant would be "legally entitled" to recover ten percent of his damages from Tholl. The Civil Practices and Remedies Code provides that a "defendant is liable to a claimant only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to personal injury, property damage, death, or other harm for which the damages are allowed." TEX.CIV.PRAC. & REM. CODE ANN. § 33.013(a) (Vernon Supp.1993). When no percentage of responsibility is attributed to the claimant, the defendant is jointly and severally liable for all of the damages recoverable by the claimant, if the defendant's percentage of responsibility is greater than ten percent. TEX.CIV.PRAC. & REM.CODE ANN. § 33.013(c)(1) (Vernon Supp. 1993). Therefore, as Tholl was found to be only ten percent at fault, he is not jointly and

severally liable, and appellant is entitled to recover only ten percent of his damages from appellee. We do not agree with appellant's contention that section 33.013 is limited to apportioning contribution among joint tortfeasors. Appellant's points of error are overruled.

In appellee's cross point, it requests damages because it contends that appellant took the appeal for delay and without sufficient cause. Rule 84 of the Texas Rules of Appellate Procedure allows us to award up to ten percent of the damages awarded to the appellee if an appeal is taken for delay and without sufficient cause. TEX.R.APP.P. 84. We do not believe appellant's appeal falls within the ambit of Rule 84. Appellee's cross point is overruled.

The judgment of the trial court is affirmed.